## TABER *et al.* v. NEW YORK EL. R. CO.

*(Superior Court of New York City, General Term. November 3, 1890.)*

**1. EVIDENCE—COMPETENCY.**
     In an action to recover damages for the maintenance and operation of defendant's elevated railway in front of plaintiffs' premises, it was set up as a defense that plaintiffs stood by during the construction of the road without objecting or interfering to prevent it. *Held,* that plaintiffs were properly allowed to prove that when defendant began to build its road it went into the vaults of their building, and put posts there, and that they protested.

**2. SAME—EXPERT TESTIMONY.**
     Testimony of an owner of real estate in the vicinity of plaintiff's premises, as to the depreciation of rents since the construction of the road, was not expert testimony, within the meaning of a stipulation limiting the testimony of real-estate experts to three witnesses on each side.

Appeal from trial term.

Action by Charles C. Taber and Henry M. Taber against the New York Elevated Railroad Company, to recover damages for the maintenance and operation of defendant's elevated railway in front of plaintiffs' property, Nos. 137, 139, and 141 Pearl street, New York city. The owner in part of the building opposite plaintiffs' premises was permitted to testify to the depreciation of rents in the neighborhood since the construction of defendant's railroad, over the objection that the testimony was in violation of the stipulation referred to in the opinion. There was a verdict for plaintiffs for $24,-997.56, and from the judgment entered thereon defendant appeals.

Argued before FREEDMAN and TRUAX, JJ.

*Davies & Rapallo,* for appellant. *John E. Parsons,* for respondents.

TRUAX, J. The trial judge allowed the plaintiffs to show that when the defendant began to build an elevated railway in front of plaintiffs' premises it went into the vaults of plaintiffs' building, and put posts there, and that the plaintiffs protested against defendant's employes so doing; and to this ruling of the trial judge the defendant excepted.

It was not error for the trial judge so to rule. One of the defenses set up by the defendant was that the plaintiffs stood by during the construction of the railroad, and saw the work going on, and never objected, remonstrated, or interfered to prevent it. The testimony above referred to tended to disprove this defense and it was not error to admit it in evidence.

The defendant contends on this appeal that the trial judge erred in admit-

ting the testimony of an additional expert, in the face of a stipulation restricting each side to three expert witnesses. The stipulation was "that the testimony of real-estate experts be limited to three witnesses upon behalf of each party." This stipulation was not violated by the ruling of the court. The witness to whose testimony exception is taken was not an expert. He was an owner of real estate situate in the neighborhood of the property described in the complaint, and he testified to facts,—something that a real-estate expert seldom does.

The questions presented by the other exceptions that were signed before us have been so frequently determined adversely to the defendant by this court that it is not necessary to call attention to them. Judgment and order affirmed, with costs.